# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MARTREK D. WINGO,**

      **Plaintiff,**

v.                                                                  Case 2:17-cv-02798-SHL-cgc

**NIKE, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Before the Court is Defendant Nike Incorporated's ("Nike") Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry "D.E." #9) and Plaintiff's Motion for Leave to Amend Complaint filed pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (D.E. #12). The instant motions were referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and Plaintiff's Motion for Leave to File Amended Complaint be DENIED.

**I.**     **Introduction**

On November 1, 2017, Plaintiff, who was previously an employee of Nike, filed a Complaint in this Court alleging "sexual harassment" and a "sexual hostile work environment"

---

[1] **Error! Main Document Only.** The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

in violation of Section 703(a)(1) of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a) and 29 C.F.R. 1604.11. (Compl. at ¶¶ 3, 58-59). Plaintiff alleges that a coworker at Nike "began distributing sexual images" of Plaintiff in the summer of 2016 and ultimately distributed the images to "over forty young women" during the course of Plaintiff's employment with Nike. (*Id*. ¶¶ 10, 16). Plaintiff alleges that he has never "engaged in any lewd conduct nor has [he] taken or distributed any sexual images of himself or anyone else before," and the alleged source of the images is not identified in the Complaint. (*Id*. ¶ 13). Plaintiff alleges that the women who received the photographs from Peterson made statements in front of him and others that they were going to sue, that employees said Plaintiff was a "rapist," that employees questioned whether he had any diseases, that one employee said this was a "scandal," and that he additionally received other sexually charged comments. (*Id*. ¶¶ 18, 20, 23, 26, 31, 32, 39). Plaintiff also alleges that Scott Peterson told one woman that she should see if Plaintiff wanted to engage in sexual activity, which he replied that he was not interested in doing, causing her to "burst into tears." (*Id*. ¶ 22).

Plaintiff alleges that Nike "appeared to have conducted an investigation that did not include Plaintiff where a settlement appeared to have been reached with several parties" named in the Complaint. (*Id*. ¶¶ 2, 3, 15, 18-19, 21, 24, 35-42, 47). Plaintiff alleges that he was "less than 10 yards away" when one of the Nike managers sat down with each young lady in an "open area" and spoke with them about "what they saw and who saw it to them." (*Id*. ¶¶ 15, 24-31). Plaintiff also alleges that he heard Peterson tell investigators in this "open area" that he was "verifying his penis for the police." (*Id*. ¶¶ 24-25).

2

## II. Proposed Analysis

### A. *Defendant's Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

In its Motion to Dismiss, Nike first argues that Plaintiff's Complaint should be barred by the doctrines of res judicata and collateral estoppel because Plaintiff has already litigated, or should have already litigated, the claims and issues presented. Specifically, Plaintiff filed another complaint ("2016 Complaint") in this Court against Nike. *See Martrek D. Wingo v. Nike, Inc.*, No. 2:16-cv-02742-SHL-egb. The 2016 Complaint also alleged that Peterson distributed sexual images of Plaintiff to "over 40 young women in the course of [Plaintiff's] employment at the location," thereby creating "an extreme hostile work environment." (2016

4

Compl. ¶¶ 1-5, 7). The 2016 Complaint recounts several of the employees' reactions to receiving the sexual photographs almost entirely verbatim, including as follows: (1) Plaintiff witnessing a female employee crying because Peterson suggested that she ask Plaintiff to engage in sexual activity with her but Plaintiff did not show any interest; (2) the same named employee becoming "hysterical" over receiving the photos, asking if Plaintiff is a rapist or has "a disease," and stating that she was going to sue. (2016 Compl. ¶¶ 8, 12-14). The 2016 Complaint further alleges that Nike performed an internal investigation regarding the distribution of the images, that Plaintiff overheard Peterson stating that he was "verifying [Plaintiff's] penis for the police," and that two women received settlements from Nike. (2016 Compl. at 2 & ¶¶ 9, 11-20). One woman named in the 2016 Complaint as having received a settlement from Nike is also one of the three women named in the instant Complaint as having received settlements from Nike; the factual allegations regarding the two women alleged to have received settlements in the Complaint were also raised in the 2016 Complaint, although the resolution thereof was not mentioned. (2016 Compl. at 2 & ¶¶ 12-14, 16-19; Compl. ¶¶ 2, 3, 35, 47).

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). "It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell*, 343 F.3d at 819 (citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001)). "Claim preclusion only arises, however, in the presence of the following four elements: (1) where the decision was a final decision on the merits; (2) where the

present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and, (4) where an identity exists between the prior and present actions." *Mitchell*, 343 F.3d at 819 (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). As to the final element, an identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483-84 (6th Cir. 1992) (citing *Westwood Chem. Co. v. Kulick*, 656 F.2s 1224, 1227 (6t Cir. 1981)).

Here, this Court entered a final judgment on the merits when it granted Nike's Motion to Dismiss and entered a Final Judgment on July 18, 2017. *See Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6t Cir. 1989) ("In the federal courts, a dismissal pursuant to Rule 12(b)(6) is considered a decision on the merits with full res judicata effect."). The 2016 action was between the same parties─Plaintiff and Nike. A comparison of the 2016 Complaint with the instant Complaint demonstrates that the two cases maintain the same claim─that Plaintiff suffered from a hostile work environment due to the distribution of photographs of Plaintiff, other employees' reaction thereto, and the subsequent investigation thereof. Additionally, although Plaintiff failed to attach the Equal Employment Opportunity Commission ("EEOC") charge to his Complaint, his attach Notice of Right to Sue contains a charge number of 490-2017-00902. (*See* Compl. at Exh. 2). Plaintiff filed the same Charge as an attachment to his "Plaintiffs [sic] Response to Motion to Dismiss: Supporting Material" in his 2016 suit (*See* 2:16-cv-02742-SHL-egb, filed at D.E. #16-1, at 5). In the 2016 case, the Magistrate Judge's Report and Recommendation construed, *inter alia*, a claim for Title VII hostile work environment based upon sexual

6

harassment in Plaintiff's 2016 Complaint. (Report and Recommendation on Defendant's Motion to Dismiss, filed on April 26, 2017 at D.E. #19 in 2:16-cv-02742-SHL-egb, at 6). Plaintiff once again lists a sexual hostile work environment and sexual harassment as the bases of his present action. Thus, it appears clear that Plaintff should have─and did─litigate the claims presented in this case in his 2016 action. Likewise, it is recommended that the 2016 case and the instant case meet the identity requirement because the factual basis for both cases as set forth in the two complaints is virtually identical regarding Peterson distributing the images, named employees reacting to receiving them, and Nike investigating the matter. Accordingly, it is recommended that Plaintiff's Complaint is barred by the doctrine of res judicata and should be dismissed.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosierty Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328-329)). The doctrine of collateral estoppel may be applied on if four criteria have been satisfied: (1) the precise issue raised in the case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and, (4) the party against whom estoppel is sought must have had full and fair opportunity to litigate the issue in the prior proceeding. *United States v. Sandoza Pharmaceuticals Corp.*, 894 F.2d 825, 826-27 (6th Cir. 2990) (citing *Detroit Police Officers Assoc. v. Young*, 824 F.2d 512, 515 (6th Cir. 1987)). However, "once it is established that the elements of collateral estoppel are present, a district court has broad

7

discretion to determine when the doctrine should be applied offensively. *Sandoza*, 894 F.2d at 826 (citing *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986)).

As set forth above, Plaintiff did raise his sexual harassment and sexually hostile work environment claims under Title VII in his prior proceeding. The Magistrate Judge's Report and Recommendation determined that he failed to state a claim upon which relief may be granted as to that claim, (Report and Recommendation on Defendant's Motion to Dismiss, filed on April 26, 2017 at D.E. #19 in 2:16-cv-02742-SHL-egb, at 6-7), which the District Court adopted over no objections as to that portion of the Magistrate Judge's Report and Recommendation, (Order Adopting in Part, Rejecting in Part, and Modifying Report and Recommendation, and Granting Defendant's Motion to Dismiss, filed on July 18, 2017 at D.E. #25 in 2:16-cv-02742-SHL-egb, at 6). The 2016 action resulted in the July 18, 2017 Order Granting Defendant's Motion to Dismiss and Final Judgment, which constitutes a final judgment on the merits. Finally, the Court finds no reason to conclude that either Plaintiff did not have a full and fair opportunity to litigate the issues in the prior proceeding or that it is not appropriate for the doctrine to apply in the instant case. Accordingly, it is further recommended that Plaintiff's Complaint is barred by the doctrine of collateral estoppel and should be dismissed.

### B. *Plaintiff's Motion for Leave to Amend Complaint*

Plaintiff additionally filed a Motion for Leave to Amend Complaint along with his Proposed Amended Complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so

requires." *Id.* However, a motion to amend should be denied if it is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A review of Plaintiff's Proposed Amended Complaint demonstrates that it seeks to allege the same "sexual hostile work environment" and sexual harassment claims based upon the distribution of photographs of Plaintiff, other employees' response thereto, and an investigation by Nike thereof. It has already been recommended herein that these claims are barred by the doctrines of res judicata and collateral estoppel and should be dismissed.[2] While Plaintiff seeks to add additional factual bases to his Complaint, it is recommended that there are no new allegations that would prevent the Proposed Amended Complaint from also being barred by the doctrines of res judicata and collateral estoppel. Instead, it continues to recite Plaintiff's employment experiences─with only certain new names and details─after Peterson allegedly distributed the photographs of him. Accordingly, it is recommended that Plaintiff's Motion for Leave to Amend be DENIED as futile.

### III. Conclusion

For the reason set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and Plaintiff's Motion for Leave to File Amended Complaint be DENIED.

---

[2] In fact, Plaintiff's Proposed Amended Complaint explicitly states that it is based upon his EEOC charge 490-2017-00902, the same charge upon which he based his 2016 Complaint.

**DATED** this 2nd day of March, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**