IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MATREK D. WINGO, | ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | No. 2:17-cv-02798-SHL-cgc |
| NIKE, INC., | ) ) | |
|     Defendant. | ) ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("Report"), (ECF No. 13-1), filed April 2, 2018, recommending that the Court grant Defendant Nike, Inc.'s Motion to Dismiss for Failure to State a Claim, (ECF No. 9), and deny Plaintiff Martrek D. Wingo's Motion for Leave to Amend Complaint (ECF No. 12).[1] Plaintiff filed his Objections to Magistrate Judge's Report and Recommendations on April 12, 2018. (ECF No. 14.) Nike filed a Response to Plaintiff's Objections on April 26, 2018. (ECF No. 16.) For the reasons outlined below, the Court **ADOPTS** Judge Claxton's Report, **DENIES** Plaintiff's Motion to Amend and **GRANTS** Defendant's Motion to Dismiss.

---

[1] In the time since Judge Claxton issued her Report, Mr. Wingo has filed two additional motions: Motion for Leave to Amend Their Complaint (ECF No. 15) and Motion for Leave to Amend Their Complaint (ECF No. 20). Though the proposed amendments to the Complaint add what appears to be one new name and instance to the allegations, the majority of the amended versions are lifted directly from the previous versions of the Complaint, including the first proposed amended version that Judge Claxton discusses in her Report (addressed infra). Because they are rooted in the same series of events addressed in the Report and because they allege no new facts or claims that would alter this Court's analysis or adoption of Judge Claxton's Report and the related Motion to Dismiss, Mr. Wingo's Motions to Amend are **DENIED**.

**BACKGROUND**

From what the Court can discern, Mr. Wingo brings a claim of sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1.) The Complaint seems to allege that an employee of Nike, Scott Peterson, distributed photos of Mr. Wingo's genitalia and, at various points, discussed these photos with women in the workplace, including in front of Mr. Wingo.[2] (Id. at 3.) Mr. Wingo claims that the distribution and discussion of this photograph created a hostile work environment in violation of his rights under Title VII.[3] (Id. at 9.) He alleges that Mr. Peterson and many female coworkers made comments about him on several occasions, that there were accusations about his character and health, and that his ability to work was disrupted, citing as one example a female coworker bursting into tears when he failed to show sexual interest in her. (Id. at 3–4.)

Mr. Wingo first brought these claims before the Court in 2016. See Wingo v. Nike, Inc., Case No. 2:16-cv-02742-SHL-egb (W.D. Tenn. 2016) ("Wingo I"). The Court adopted the

---

[2] In an Order dismissing Mr. Wingo's previous claim, the Court noted that his Complaint reads "like the plot summary of a David Lynch film—a jigsaw puzzle where characters with impenetrable motives enter and exit without introduction and events that appear significant in the moment are only obliquely connected to the overarching narrative." Wingo, Case No. 2:16-cv-02742-SHL-egb at ECF No. 25. This description holds true for Mr. Wingo's second Complaint.

[3] In what the Court assumes to be an attempt to demonstrate pain and suffering, Mr. Wingo also focuses on Nike's reputation and financial status throughout the Complaint, writing that he "grew up wearing Nikes" and expressing his admiration for Nike as "an innovator in athletic shoes and apparel . . . built on the spirit of runners, the spirit of motion, the spirit of [sic] Victory." (ECF No. 1 at 2, 11.) He is not alone in his admiration of the brand. See Macklemore and Ryan Lewis, Wing$ (Macklemore LLC 2011) (including lyrics such as, "I was seven years old when I got my first pair . . . They told me to just do it. I listened to what that swoosh said," referencing the Nike motto and logo); see also Nelly, Air Force Ones (Universal Records 2002) (including lyrics such as "[g]ive me two pairs, I need two pairs, so I can get to stompin' in my Air Force Ones," referencing a particular Nike shoe). However, Mr. Wingo fails to tie any of these reflections to the alleged violation of Title VII at issue in the case. Consequently, the Court sees no reason to address Mr. Wingo's repeated invocation of Nike's reputation or financial status beyond this note.

Report and Recommendation of Magistrate Judge Edward G. Bryant in Wingo I, which concluded that Mr. Wingo had failed to state a claim upon which relief could be granted, and dismissed the case without prejudice. See id. at ECF No. 26.

Nike has again filed a Motion to Dismiss for failure to state a claim in this second Wingo case, (ECF No. 9) and Mr. Wingo has filed a Motion to Amend (ECF No. 15). Judge Claxton submitted a Report recommending that Nike's Motion to Dismiss be granted and that Mr. Wingo's Motion to Amend be denied. Regarding the Motion to Dismiss, Judge Claxton applies res judicata (claim preclusion) and collateral estoppel (issue preclusion) to conclude that Mr. Wingo's claims are barred and, consequently, Nike's Motion to Dismiss should be granted. (ECF No. 13 at 6–8.) As to Mr. Wingo's Motion to Amend, Judge Claxton notes that, even under the mandate that leave to amend be liberally granted, Mr. Wingo proposes no new facts or allegations that would clear the hurdle presented by the doctrines of preclusion and thus, his attempt to amend is futile and should be denied. (Id. at 8–9.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to perfect service or failure to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Mr. Wingo objects only to the use of claim preclusion and issue preclusion, arguing that the judgment issued in his previous case was a dismissal without prejudice. (ECF No. 14.) This

is true. (ECF No. 26.) However, as discussed more fully below, the fact that the judgment was a dismissal without prejudice is not sufficient to sustain Mr. Wingo's objection, which is **OVERRULED**.

When a party relies on a judgment issued by a federal court, federal law on claim and issue preclusion applies. Hamilton's Bogarts, Inc. v. Michigan, 501 F.3d 644, 650 (6th Cir. 2007). For both claim preclusion, Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981), and issue preclusion, NAACP v. Detroit Police Officers Ass'n, 821 F.2d 328, 330 (6th Cir. 1987), to apply, a final judgment on the merits is required.[4]

Typically, a 12(b)(6) dismissal is considered a dismissal with prejudice, a final judgment on the merits with preclusive effect. See Dyer v. Intera Corp., 870 F.2d 1063, 1066 (6th Cir. 1989). Courts can choose to issue a 12(b)(6) dismissal without prejudice, typically in order to allow plaintiffs to amend their complaints and cure whatever defects were present in the previously presented pleadings. See Sapp v. City of Brooklyn Park, 825 F.3d 931, 934 (8th Cir. 2016) (holding a dismissal without prejudice with leave to amend is not a final order for the purpose of filing an appeal); see also Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 629 (4th Cir. 2015) (noting that the phrase "without prejudice" generally "indicates that a court's decision is not final"). However, when the Court issues a judgment, rather than an order which explicitly provides a plaintiff with an opportunity to amend the complaint, the judgment is most naturally understood as a final action on the merits.[5] See Robert N. Clemens Tr. v. Morgan

---

[4] Because Mr. Wingo roots his objection to the Report's use of preclusion in the absence of a final action, the Court focuses on that issue and does not delve into the other required elements of claim or issue preclusion.

[5] While Clemens dealt specifically with an order dismissing without prejudice on a 12(b)(6) motion followed by a final judgment and the instant case concerns an order on a 12(b)(6) motion that does not mention dismissal without prejudice followed by a judgment that

4

Stanley DW, Inc., 485 F.3d 840, 845–46 (6th Cir. 2007) ("[T]he district court must have intended to dismiss the Plaintiffs' claims with prejudice because if not, the court would not have entered a final judgment; rather the court would have given the Plaintiffs an opportunity to amend and re-file their complaint."); see also Zayed v. United States, 368 F.3d 902, 905 (6th Cir. 2004) ("Where an action, and not merely an amendable complaint (or petition), is dismissed without prejudice, the order of dismissal is final and appealable.").

In Wingo I, the Court issued an Order adopting Judge Bryant's Report and Recommendation, (ECF No. 25), followed by a Judgment (ECF No. 26). The dismissal without prejudice is, in the context of a judgment on a 12(b)(6) motion rather than an order, and absent any other indicator of an invitation to amend, intended and best understood as a final action in the case to which claim and issue preclusion apply.[6] Mr. Wingo's objection to the use of

---

does, the Court reaches the same conclusion as the Sixth Circuit in Clemens as to how the judgment should be read. This Court, rather than issuing a date by which to amend or otherwise giving leave to Mr. Wingo to cure the defects in his pleadings, dismissed the action in a judgment. Even if Mr. Wingo read this dismissal without prejudice as giving leave to amend or otherwise cure the defects in his Complaint, he failed to do so, which, as discussed infra at note 5, serves to convert the judgment to a dismissal with prejudice and voids his claim that the preclusive doctrines should not apply.

[6] The Court intended the Judgment to be a final action, but whether the Judgment constituted a final action does not change the outcome of this case. When a court dismisses without prejudice on a 12(b)(6) motion and the plaintiff fails to amend or otherwise cure the defects in the complaint, the dismissal converts to a final action on the merits without any further necessary action on the court's part. See Shott v. Katz, 829 F.3d 494, 496 (7th Cir. 2016) (holding that a dismissal without prejudice based on a failure to state a claim becomes a final decision when the time for correction expires).

Here, Mr. Wingo's failure to move to amend his former Complaint or change the information in his current Complaint in any meaningful way serves to convert the previous judgment to a dismissal with prejudice, causing his claim to fail. Though the Court did not set a date by which to amend his previous Complaint, Mr. Wingo ostensibly noted the Court's dismissal without prejudice when he filed this new suit. Using Mr. Wingo's interpretation of the dismissal without prejudice, the Court's prior judgment was its permission to Mr. Wingo to amend, which he did not do. Instead, he filed an entirely new suit with a substantively identical

5

preclusion is thus **OVERRULED** and Judge Claxton's remaining analysis of claim and issue preclusion is **ADOPTED**. [7]

## CONCLUSION

The Court finds no clear error in the remainder of the Report. For the foregoing reasons, Judge Claxton's Report is hereby **ADOPTED**, Mr. Wingo's Motion to Amend is **DENIED**, and Nike's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED,** this 24th day of September, 2018.

                                    s/ Sheryl H. Lipman
                                    SHERYL H. LIPMAN
                                    UNITED STATES DISTRICT JUDGE

---

set of facts to support the same claim. This, despite the fact that he knew his former Complaint, with those same facts, had not survived a motion to dismiss.

Thus, even if the Court's dismissal without prejudice were not viewed as a final action, Mr. Wingo's failure to rectify his Complaint, either through a motion to amend in the previous case or through use of new factual support in the current case, serves to convert the previous judgment to a final action, making Judge Claxton's analysis of claim and issue preclusion applicable once again.

[7] Even assuming Mr. Wingo's objection to the doctrines of preclusion was sufficient, the Court would amend rather than reject Judge Claxton's Report and Recommendation because, as in the previous case, the allegations and facts in Mr. Wingo's Complaint fail to state a claim for which relief can be granted and, as Judge Claxton notes, the proposed amendment to the Complaint does not cure this problem. (ECF No. 13 at 8–9.) The Complaint relies on the same facts this Court previously found to be insufficient. There is no reason why this newly filed Complaint would somehow survive where his previous Complaint did not. Mr. Wingo would thus fail due to deficiencies in the pleading even if his Complaint were reviewed in light of a 12(b)(6) Motion without any regard for claim or issue preclusion.